**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERARD DJATE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   1:07CV00100 (EGS) |
| THE DISTRICT OF COLUMBIA, <u>et al.</u>, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant the District of Columbia (the "District"), by and through counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b), for an Order dismissing plaintiff's complaint against it. Plaintiff failed to effectuate proper service against the District pursuant to Fed. R. Civ. P. 4(c), and therefore, this Court lacks personal jurisdiction over the District.

In support of its motion, the District refers this Court to the attached memorandum of points and authorities.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES
Chief, General Litigation, Section IV

/s Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General, D.C.
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERARD DJATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1:07CV00100 (EGS) |
| THE DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

PRELIMINARY STATEMENT

Plaintiff filed the instant action on January 16, 2007, against the District of Columbia (the "District"). The plaintiff alleges that on January 20, 2006, he was assaulted by Hawk One Security special police officers (SPO) after he refused to leave the DMV offices at 301 C Street, N.W., Washington, D.C. *See* Complaint, ¶¶10, 32-33. Plaintiff states that he was forcefully removed from the eastern side of the building by Hawk One Security officers (¶35), whereupon he ran around to the front of the building and re-entered the building through the MPD entrance to confront the special police officers and learn their identities (¶39). After the alleged assault, plaintiff called 911 and MPD police officers responded to investigate. Complaint, ¶ 44. Plaintiff complains that MPD First District did not assigned any detective to handle "this police brutality case." Complaint, ¶51. Plaintiff has asserted claims for assault and battery against Hawk One Security special police officers Delyons and Slate; intentional infliction of emotional distress against Hawk One special police officers Delyons and Slate and six unnamed officers of Hawk One Security; negligence against all defendants including the District for alleged failure to exercise reasonable care in the hiring, training, supervision, and retention of Hawk One Security officers, unnamed Hawk One Security officers, and unnamed DMV employees; a *respondeat*

1

*superior* claim against the District and Hawk One Security; punitive Damages against Hawk One Security and the District; alleged violation of 42 U.S.C. §1983 (excessive force under the Fourth Amendment) against Hawk One Security and its officers; and alleged violation of 42 U.S.C. §1983 (Fourth Amendment) against the District for alleged failure to appoint, train, supervise, monitor, and/or promote members of MPD and DMV-Adjudication Services" and for failure to investigate and take corrective action against Hawk One Security special police officers and DMV employees as a result of the incident. Plaintiff seeks damages for his claims.

For the following reason, the District is entitled to dismissal of the Complaint against it.

## ARGUMENT

A.   **Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)**.

Fed. R. Civ. P. provides that the following defense may be made at the option of the pleader by motion:  (2) lack of jurisdiction over the person. Therefore, dismissal is appropriate if the evidence shows that the Court lacks jurisdiction over the person. Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. *See Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987).  *See also*, *Nikbin v. Islamic Republic of Iran,* 2007 U.S. Dist. LEXIS 1903 (D.D.C. Jan. 11, 2007)

B.   **Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(5).**

Fed. R. Civ. P. 12(b)(5) states that dismissal is proper where there is insufficiency of service of process. A party can move the court to dismiss a complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other

2

applicable provision of law." *Light v. Wolf*, 259 U.S. App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Therefore, dismissal is appropriate if the evidence shows that plaintiff's service of process was insufficient

### C. Plaintiff Failed to Effectuate Proper Service against the District, and Therefore, This Court Lacks Personal Jurisdiction Over It.

Fed. R. Civ. P. 4(c) provides that a plaintiff bringing suit within the United States may serve a copy of the summons and complaint to the person to be served by any person who is not a party and who is at least 18 years of age by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Fed. R. Civ. P. 4(j)(2). Plaintiff merely mailed the summons and complaint via certified mail to the District without obtaining the signature of a person designated by the Office of the Mayor to receive service. *See McLaughlin v. Fidelity Sec. Life Ins.,* 667 A.2d 105 (D.C. 1995), holding whether defendant received actual notice of the action is immaterial to the sufficiency of service of process. Service by certified mail is improper where the certified mail is signed for by someone other than the party to the lawsuit who is not an agent authorized by appointment or by law to receive service of process. *See, Cheng v. Cheung*, 710 A.2d 877 (D.C. 1998) (service upon the defendant's wife at the place of business rather than the residence was improper); *Morfessis v. Marvins Credit, Inc.,* 77 A.2d 178 (Mun. Ct. App. D.C. 1950) (service by certified mail on defendant at place of business where signed by secretary is improper without showing that secretary was agent authorized to receive service of process).

No agent authorized by appointment or by law to receive service of process on behalf of the Mayor or the Attorney General accepted service of process in this matter. *See* Office Order No. 2005-19, attached hereto as <u>Exhibit 1</u>, and the most recent amendment thereto which is

3

attached hereto as <u>Exhibit 2</u>.  Because service was not properly effected upon Office of the Attorney General or the Mayor, this Court must dismiss this case as a matter of law.

CONCLUSION

As set forth above, plaintiff has failed to effectuate proper service against the District, and therefore this Court lacks personal jurisdiction over the District.  Accordingly, the lawsuit against the District must be dismissed.

                                                  Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERARD DJATE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>                                                       ) 1:07CV00100 (EGS)<br>THE DISTRICT OF COLUMBIA, <u>et al.</u>, )<br>)<br>    Defendants. )<br>_____) | |

## **ORDER**

Upon consideration of the defendant the District of Columbia's Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is this _____ day of _____, 2007,

ORDERED:   that defendants' Motion to Dismiss be hereby GRANTED for the reasons set forth in their motion, and it is,

FURTHER ORDERED: that plaintiff's Complaint be dismissed.

_____
Judge
D.C. District Court

1

# EXHIBIT 1

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**OFFICE OF THE ATTORNEY GENERAL**

★ ★ ★

**ATTORNEY GENERAL**

Office Order No. 2005-19

SUBJECTS: Designation of employees authorized to receive service of process on behalf of the Attorney General for the District of Columbia.

Pursuant to Reorganization Order No. 50 of June 26, 1953, as amended, the following employees in the Civil Litigation Division, Office of the Attorney General for the District of Columbia, are designated to receive service of process on behalf of the Attorney General (formerly the Corporation Counsel) when service is required to be made on the Attorney General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or pursuant to Mayor's Order:

    Darlene Fields, Secretary
    Tonia Robinson, Legal Assistant
    Gale Rivers, Secretary

In the absence of these three individuals, the Deputy or the Assistant Deputy of the Civil Litigation Division may also accept service of process.

An employee receiving service of process pursuant to this Order shall note the time and date of receipt on the document, and shall forward all papers served on the employee to the Civil Litigation Division for docketing.

This Order will take effect immediately and supersedes all previous Orders, including Office Order No. 4-91 (May 17, 1991), to the extent of any inconsistency.

                                                        Robert J. Spagnoletti
                                                        Attorney General

Dated this 6th day of June, 2005

# EXHIBIT 2

# Government of the District of Columbia
### Office of the Secretary of the District of Columbia

Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

## **MEMORANDUM**

**TO:**      Mr. George Valentine
            Deputy Attorney General
            Civil Litigation Division
            Office of the DC Attorney General

**FROM:**    Dr. Stephanie D. Scott
            Acting Secretary of the District of Columbia

**DATE:**    January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
            (Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc: The Mayor's Correspondence Unit
    Peter Nickels, General Counsel to the Mayor
    Linda Singer, Attorney General