UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERARD DJATE**<br><br>   Plaintiff,<br>vs.<br><br>**THE DISTRICT OF COLUMBIA**, *et. al*<br><br>   Defendant. | **1:07CV00100(EGS)** |

### DEFENDANT DONTE A. SLADE'S ANSWER TO COMPLAINT

**COMES NOW,** Defendant Dante A. Slade, by and through his attorney, Leonard L. McCants, Esquire, and McCants and Associates, LLC, and in Answer to the Complaint filed herein states the following:

### FIRST DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted, and therefore, dismissal is appropriate.

### SECOND DEFENSE

Plaintiff has failed to properly serve Defendant Donte A. Slade pursuant to Fed. R. Civ. R. 4, and therefore, dismissal is appropriate.

## THIRD DEFENSE

At the time of the incident alleged in the complaint Defendant, was acting within the scope of his employment as a security guard with all the privileges and immunities pertaining thereto.

## FOURTH DEFENSE

At the time of the incident alleged in the complaint, any physical force applied by Defendant was either in defense of self, defense of property, or defense of others.

## FIFTH DEFENSE

If the Plaintiff incurred any injuries alleged, such injuries were incurred as the result of his own contributory negligence and assumption of the risks of his behavior.

## SIXTH DEFENSE

1. Defendant neither admits nor denies the factual allegations and legal conclusions set forth in paragraph 1 of Plaintiff's complaint and states further that since Plaintiff has designated paragraph 1 as his "Preliminary Statement", said paragraph does not require an answer.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 as to the court's jurisdiction.

3. Defendant neither admits nor denies the allegations contained in paragraph 3 of the complaint as to venue.

4.      Defendant is without sufficient information and knowledge so as to form a belief of the truth of the allegations contained in paragraphs 4, 7-31, 39, 43-47, and 49-64 of the complaint.

5.      Defendant submits that the allegations contained in paragraphs 5, 65, 71, 75, 79, 82, 84, 85, 91-103 of the complaint either do not pertain to this defendant or require no response.  Otherwise, the Defendant submits to the responses of other defendants to whom these paragraphs are addressed, and furthermore denies each and every allegation in which he may be generally implicated.

6.      Defendant denies the allegation contained in paragraph 6 as to his current employment with Hawk One Security, Inc and states further, that he is without sufficient information and knowledge so as to form a belief of the truth of the remaining allegations of the paragraph.

7.      Defendant denies each and every allegation contained in paragraphs 32 – 38 of the complaint, and demands proof thereof.

8.      Defendant admits the allegation in paragraph 40 of the complaint as to Plaintiff's request that the "two officers identify themselves."  Defendant denies the allegation that they refused to do so.  Defendant is without sufficient information and knowledge so as to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint that the request was made after Plaintiff recovered any items.

9.      Defendant denies the allegations contained in paragraph 41 of the complaint as to his refusal or hesitancy in anyway to identify himself to the Plaintiff and

demands proof thereof. Defendant denies each and every other allegation contained in paragraph 41.

10. Defendant is without sufficient information and knowledge so as to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint, with the exception that he denies that he made any false allegations at the time of the incident.

11. Defendant admits the allegation contained in paragraph 48 that on January 26, 2006 he was assigned to work at the DMV. Defendant denies each and every other allegation contained in paragraph 48 of the complaint.

12. Defendant denies each and every allegation contained in paragraphs 66-70, 72-74, 76-78, 80, 83, 86 – 90, and 104 of the complaint and demands proof thereof.

13. Defendant admits the allegations contained in paragraph 81 of the complaint.

    Respectfully submitted,

    **McCANTS & ASSOCIATES, LLC**

    /s/ *Leonard L. McCants*

    _____
    Leonard L. McCants, Esquire
    8701 Georgia Avenue
    Suite 801
    Silver Spring, Maryland 20910
    Phone: 301-588-1850
    Fax: 301-495-7706

    Attorney for Defendant Dante A. Slade

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of this Answer of Defendant Donte A. Slade was mailed, postage prepaid, this 15th day of June, 2007 to Plaintiff Gerard Djate, 2330 Good Hope Road, SE, #1222, Washington, D.C. 20020, and to Rachel R. Hranitzky, Assistant Attorney General, 441 Fourth Street, NW, Sixth Floor North, Washington, D.C. 20001.

/s/ *Leonard L. McCants*

_____
Leonard L. McCants