**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GERARD DJATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:07CV00100 (EGS) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT**

In support of its reply to Plaintiff's Opposition to Defendant District of Columbia's First Amended Motion to Dismiss and/or Motion for Summary Judgment (the "Opposition"), Defendant District of Columbia (the "District"), the District states as follows:

1.      Plaintiff failed to identify a constitutional claim against the District of Columbia pursuant to 42 U.S.C. § 1983.  The District of Columbia is not liable for the alleged constitutional torts of its independent contractor, Hawk One Security, Inc., or its employees, and therefore dismissal is appropriate;

2.      Plaintiff failed to provide evidence to demonstrate that he gave written notice to the Mayor of the District of Columbia of his common law claims as required by D.C. Official Code §12-309.   Therefore, plaintiff cannot maintain his common law claims against the District;

3.      Plaintiff has conceded that the public duty doctrine bars his claims against the District.

4.      Plaintiff' failed to address why plaintiff's claims are not barred by the public duty doctrine.  Therefore, plaintiff's claims should be dismissed.

5.      Plaintiff failed to state how he is entitled to an award of punitive damages against the District.  Therefore, plaintiff's claim for punitive damages against the District must be dismissed; and

## Argument

### A.      Plaintiff Has Failed to Establish His Right to Maintain a Fourth Amendment Claim Against the District of Columbia

Plaintiff fails to address the District's argument with regard to his inability to maintain his Fourth Amendment claims against it.  The law is clear that the District cannot be held liable under *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978), for the actions of its employees and/or non-employees.  The U.S. Supreme Court requires a plaintiff seeking to impose liability on a municipality under § 1983 to demonstrate that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).  The D.C. Circuit has equated "moving force" with "proximate cause." *See Morgan v. District of Columbia*, 824 F.2d 1049, 1058 (D.C. Cir. 1987).  According to plaintiff, the alleged predicate constitutional violation was the excessive force used by Hawk One Security officers in removing him from the building in violation of his Fourth Amendment rights to be free from unreasonable search and seizure.  Complaint, ¶¶ 32-33.  Plaintiff does not aver that any DMV or MPD employee assaulted him or used excessive force and/or that their conduct was pursuant to any District custom, policy or practice.  Complaint, ¶¶ 32-33.  Therefore, the District's alleged failure to train, supervise and/or monitor DMV or MPD employees bear no causal relationship to plaintiff's alleged injuries, and does not invoke liability against it for plaintiff's injuries.  The District bears no duty to train, supervisor and/or monitor Tim Delyons or Donte Slade, both Hawk One Security officers who allegedly used excessive force against plaintiff.  Since neither Tim Delyons nor Donte Slade are District of Columbia employees and their alleged

2

constitutional misconduct was not pursuant to any District custom, practice or policy, plaintiff's

Fourth Amendment claim against the District fails as a matter of law.

Plaintiff cites *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250 (1988) and *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct 2744 (1982), in support of his contention that

"professionals such as . . . special police officers, exercise judgment on behalf of the government

and in furtherance of the goals of the government." In *West*, a physician who operated two

clinics at a state prison and who had supervisory authority over the Department of Corrections'

nurses and physician's assistants  was held liable under Section 1983 for depriving the plaintiff

of his constitutional right to medical care. In *Lugar*, a county sheriff executed a writ of

attachment on behalf of a creditor who was found to be acting on behalf of the State when he

deprived the plaintiff of his property. This case is distinguishable from both *West* and *Lugar*. In

this case, plaintiff has failed to allege any constitutional right of which he has been deprived by

the District. Plaintiff was not detained or assaulted by any District employee, nor has he

provided facts to support any claim that the District exercised supervisory authority over Hawk

One security officers. See Complaint, generally. See also, Pl.'s Opposition, generally.

Plaintiff also contends that the District somehow created the "dangerous situation" that

resulted in the plaintiff's injury. Plaintiff's assertion appears to be that by continuing to utilize

Hawk One Security personnel, the District created a "dangerous situation" which resulted in his

alleged injuries. However, plaintiff asserts no facts to support these allegations. While a

complaint need not contain "detailed factual allegations, a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to

raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 2007 U.S.

LEXIS 5901 (May 21, 2007). "When the allegations in a complaint, however true, could not

3

raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* Plaintiff's failure to provide factual allegations to support his claim, entitles this defendant to dismissal of this Court action.

> **B.** **Plaintiff Failed to Provide Notice of his Common Law Claims against the District of Columbia Pursuant to D.C. Official Code § 12-309.**

In his Opposition, plaintiff makes no contention that he complied with D.C. Official Code §12-309 by giving notice to the Mayor in writing. Instead, the plaintiff contends that the police report satisfies the statute's requirement. Plaintiff alleges that his written statement entitled "Statement of Gerard Djate on Assault Events January 20, 2006" (the "Djate Statement") which was sent to the Department of Motor Vehicle's Director and the D.C. Metropolitan Police Department Chief of Police were made a part of the police report. See Opp., at page 12. However, a review of the actual police report demonstrates that no allegations of misconduct by the District, the Metropolitan Police Department ("MPD") or the Department of Motor Vehicle ("DMV") are included in the report. *See* Police Report attached to the District's Motion to Dismiss and/or Motion for Summary Judgment, Docket Number 5 as Exhibit "E". The police report does not satisfy the statute's requirements that the Mayor must be provided with the time, location, cause and/or circumstances of injury that gives rise to plaintiff's potential claims against the District. There are no facts contained in the police report that provides notice of a claim against the District of Columbia for negligent supervision or negligent training of Hawk One Security, or for the alleged assault by the Hawk One Security employees. More importantly, the report contains no allegations of misconduct by any employee of the DMV or by any MPD official as alleged in the Complaint.

In *Washington v. District of Columbia*, 429 A.2d 1362 (D.C. 1981), the Court set forth the specific information that §12-309 demands with respect to the "cause" element:

4

> The written notice or police report must disclose both the factual cause of injury and a reasonable basis for anticipating legal action as a consequence. Such notice would suffice, therefore, if it either characterized the injury and asserted the right to recovery, or – without asserting a claim – described the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability.

The security officers who plaintiff claims assaulted him are employed by Hawk One Security, Inc., not the District of Columbia. As such, the information in the report provides no notice to the District as to why it would be liable for plaintiff's alleged injuries.

Plaintiff submits that he sent the Djate Statement to the Chief of Police and the Director of the DMV. However, he wholly failed to send the information to the one person required by statute's mandate to receive notice: the Mayor of the District of Columbia. Plaintiff makes no allegation that he sent written notice to the Mayor of the District of Columbia and his notice to the MPD and DMV do not satisfy the strict requirements of § 12-309. *See Pitt v. District of Columbia,* 391 A.2d 803 (1978), holding "compliance with statute notice of requirement that notice be given t may or of possible litigation against the District of Columbia is mandatory" *See also, Jones v. Palmer,* 113 WLR 2633 (Super.. Ct. 1985), holding administrative complaint to officials at Lorton Reformatory is not the equivalent of a police report and thus does not satisfy the statute's requirement of notice too the District. Plaintiff's failure to notify the Mayor of his potential claim entitles the District to judgment as a matter of law.

**C.      Plaintiff Failed to Articulate Any Reason Why His Claims Against the District Are Not Barred by the Public Duty Doctrine.**

As plaintiff has failed to address why he is not barred by the public duty doctrine, the District is entitled to judgment on this claim. The District was not under a duty to provide plaintiff with detectives to investigate his claim or to investigate the claim in accordance with his. Therefore, plaintiff's claim is not cognizable at law, and must be dismissed.

**D.**    **Plaintiff Failed to Articulate Any Reason for His Alleged Entitlement to Punitive Damages Against the District.**

Since plaintiff fails to address the District's argument that punitive damages may not be awarded against the District of Columbia, he has conceded this point and/or abandoned this claim.  Accordingly, plaintiff's punitive damages claim against the District must be dismissed as a matter of law.

**Conclusion**

For the reasons stated above, the District of Columbia respectfully requests that this Honorable Court grant its Motion to Dismiss and/or Motion for Summary Judgment.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY [974458]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2007, I caused a copy of the foregoing Defendant District of Columbia's (the "District") Reply to Plaintiff's Opposition to the District's First Amended Motion to Dismiss and/or Motion for Summary Judgment to be served via first class mail, postage prepaid to the following counsel of record: Gerard Djate, Esq., 2330 Good Hope Road SE #1222, Washington, D.C. 20020.

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General

6