**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GERARD DJATE,                    :
                                   :
        Plaintiff,             :
                                   :
        v.                    :      1:07CV00100 (EGS)
                                   :
THE DISTRICT OF COLUMBIA, *et al.*,   :
                                   :
        Defendants.        :
_____:

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the District), by and through counsel, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 56, to dismiss plaintiff's complaint and/or alternatively, to grant it summary judgment on all claims set forth in plaintiff's Complaint. As grounds for this motion, the District asserts that:

1.      Plaintiff has failed to state a constitutional claim against the District of Columbia pursuant to 42 U.S.C. § 1983. The District of Columbia is not liable for the alleged constitutional torts of its independent contractor, Hawk One Security, Inc., or its employees, and therefore dismissal is appropriate; and

2.      Plaintiff failed to provide written notice to the Mayor of the District of Columbia of his common law claims as required by D.C. Official Code § 12-309. Therefore, plaintiff cannot maintain his common law claims against this defendant.

A memorandum of points and authorities in support of this motion is hereto attached.

Because this is a dispositive motion, the requirements of LCvR 7(m) do not apply.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


/s/Zuberi B. Williams
ZUBERI BAKARI WILLIAMS[1]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 6N013
Washington, D.C. 20001
Office: (202) 724-6650; (202) 727-6295
Facsimile: (202) 730-0623
Email:  Zuberi.Williams@dc.gov

---

[1]  Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERARD DJATE,                                     :
                                                  :
          Plaintiff,                              :
                                                  :
          v.                                      :        1:07CV00100 (EGS)
                                                  :
THE DISTRICT OF COLUMBIA, *et al.*,               :
                                                  :
          Defendants.                             :
_____:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant District of Columbia (Defendant or District), through undersigned counsel, hereby submits this memorandum of points and authorities in support of its Motion to Dismiss, or in the Alternative, for Summary Judgment.

## I.  PRELIMINARY STATEMENT

This case involves allegations that the *pro se* plaintiff was assaulted by Hawk One Security and his Fourth Amendment constitutional rights were violated.  *See* Compl., generally. Plaintiff alleges eight claims against the District as a result of the alleged assault, including violation of his constitutional rights for the acts of Hawk One Security. Compl., ¶¶ 65-104.  The Court should dismiss Plaintiff's claims because Hawk One Security officers are not employed with the District and the District may not be held liable for the alleged constitutional misconduct of its own employees, let alone a private contractor's employees.  Additionally, Plaintiff's common law claims should be dismissed because the has failed to satisfy the mandatory notice requirements of D.C. CODE § 12-309.  Plaintiff's letter dated January 25, 2006, fails to satisfy §

12-309 because it was not timely sent or received by the Mayor of the District of Columbia in accordance with § 12-309.  Moreover, the police report prepared in connection with this incident is insufficient to meet the requirements of the notice statute.

## II. BACKGROUND

On January 16, 2007, the plaintiff filed an eight-count complaint alleging common law and constitutional claims against the District of Columbia, Hawk One Security, and various named and unnamed employees of Hawk One Security, the D.C. Department of Motor Vehicles (DMV), and the Metropolitan Police Department (MPD).  Plaintiff's Complaint contains various claim, including assault and battery against Hawk One Security special police officers Tim Delyons and Donte Slade; intentional infliction of emotional distress against Hawk One special police officers Delyons and Slade and six unnamed officers of Hawk One Security; negligence against all defendants including the District for alleged failure to exercise reasonable care in the hiring, training, supervision, and retention of Hawk One Security officers, unnamed Hawk One Security officers, and unnamed DMV employees; a *respondeat superior* claim against the District and Hawk One Security; punitive Damages against Hawk One Security and the District; and violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that on January 20, 2006, he was assaulted by Hawk One Security special police officers (SPO) after he refused to leave the DMV offices at 301 C Street, N.W., Washington, D.C. Compl., ¶¶ 32-33.  Plaintiff avers that he was forcefully removed from the eastern side of the building by Hawk One Security officers, whereupon he ran around to the front of the building and re-entered the building through the MPD entrance to confront the special police officers and learn their identities. *Id.* at ¶¶ 35, 39.  Nowhere in his complaint does plaintiff allege that he was assaulted by any employee of DMV or MPD. *See* Compl., generally.  After the

alleged assault, plaintiff called 911 and MPD police officers responded to investigate. Compl., ¶ 44.  While plaintiff alleges that various DMV employees were rude to him prior to his removal from DMV, he makes no allegations about the alleged conduct of DMV employees other than to assert that the Hawk One Security officers were employees of the DMV. *See* Compl., generally. Plaintiff avers that the MPD First District has not assigned any detective to handle this police brutality case. Compl., ¶ 51.

Hawk One Security, Inc. is an independent contractor.  On March 16, 2005, Hawk One Security, Inc., entered into a contract with the District to provide security services to the District. Under the terms of the contract, Hawk One Security, Inc., agreed to provide all trained labor, management, supervision, uniforms, supplies and equipment necessary to protect the District Government-owned and leased facilities….  A true and accurate copy of the relevant portions of the contract between Hawk One and the District is attached hereto as **Exhibit A** and incorporated herein by reference.

The Mayor has statutory authority to license Special Police Officers, including Hawk One Security's personnel. *See* DC Official Code § 2-302.04.  At the time of the incident that is the subject of this lawsuit, both Tim Delyone and Donte Slade were special police officers employed by Hawk One Security, a private contractor.  *See* Hawk One Security's Answer, ¶ 3, at docket entry #16.

As set forth below, the District is entitled to dismissal and/or summary judgment on all claims asserted against it.

### III. STANDARD OF REVIEW

**A.     Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief.  The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985); *Celotex Corp. v. Catrett,* 106 S. Ct. 2548 (1986).  A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  The party opposing a motion for summary judgment may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510.  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.  *Id.* at 1966.

**B.     Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 56(c)**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be: rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall scheme of the rules of civil procedure, which is to secure

the just, speedy, and inexpensive determination of every action.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 327 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

trial court of the basis for its motion and identifying those portions of the record which it

believes demonstrate the absence of a genuine issue of material fact.  *Beard v. Goodyear Tire &*

*Rubber Co.*, 587 A.2d 195 (D.C. 1991); *Celotex Corp v. Catrett*, *supra*, 477 U.S. at 323.  The

moving party has no burden, however, of introducing evidence negating the nonmovant's claim.

*Beard*, *supra*, 587 A.2d at 198; *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir.

1988).  Instead, where, as here, the nonmoving party has the burden of proof at trial, the moving

party's burden is met by showing that there is an absence of evidence to support the nonmoving

party's case.  *Beard*, *supra*, 587 A.2d at 198; *Celotex*, *supra,* 477 U.S. at 325.

When the moving party has carried its burden, the responsibility then shifts to the

nonmoving party to show that there is, in fact, a genuine issue of material fact for trial.  *Beard*,

*supra*, 587 A.2d at 198.  A motion for summary judgment should be granted unless the party

opposing the motion counters the factual allegations with specificity.  *Miller v. American*

*Coalition of Citizens With Disabilities, Inc.*, 485 A.2d 186 (D.C. 1984).  A trial court should

enter summary judgment against a nonmoving party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which the party will

bear the burden of proof at trial.  *Celotex*, *supra*, 477 U.S. at 322.

Further, a party may defeat a properly-supported summary judgment motion only by

providing a response, by affidavits or as otherwise provided in this Rule, [setting] forth specific

facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  Rule 56(e) directs that

summary judgment *shall* be entered against the adverse party if that party fails to raise a genuine

issue for trial (emphasis added).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986) ([T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict for that party); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986) (Rule 56(c) *mandates* the entry of summary judgment … against a party who fails to

make a showing sufficient to establish the existence of an element essential to establish that

party's case, and on which that party will bear the burden at trial) (emphasis added).

## IV. ARGUMENT

**A**      **Plaintiff Has Failed to Plead a Viable Fourth Amendment Claim Against the District.**

Municipal liability under 42 U.S.C. § 1983, is severely limited.  In fact, a municipality

cannot be held liable under *Monell v. Dept. of Soc. Serv. of City of New York,* 436 U.S. 658, 690

(1978), for the alleged constitutional misconduct of its employees and/or non-employees. *See*

*Monell,* 436 U.S. at 690.  Instead, municipal liability results only when the municipality itself

can be directly charged with fault for an unconstitutional deprivation. *See Wilson v. Lang,* 526

U.S. 603, 609 (1999); *Conn v. Gabbert,* 526 U.S. 286, 290 (1999); *County of Sacramento v.*

*Lewis,* 523 U.S. 833, 841 n. 5 (1985); and *Baker v. McCollan,* 443 U.S. 137, 146-47 (1979),

holding courts must address the threshold issue in any action brought under § 1983: whether the

plaintiff has alleged the deprivation of an actual constitutional right at all. Therefore, municipal

liability results only when the policy or custom fairly attributable to the municipality is the

moving force behind the particular constitutional violation. *See Polk County v. Dodson,* 454 U.S.

312, 326 (1981) (citing *Monell,* 436 U.S. at 694).

In this case, plaintiff seeks to hold the District liable for the alleged constitutional misconduct of Hawk One Security Officers. *See* Complaint, ¶¶ 32-33. According to plaintiff, the alleged predicate constitutional violation was the excessive force used by Hawk One Security officers in removing him from the building in violation of his Fourth Amendment rights to be free from unreasonable search and seizure. *Id.* Hawk One Security is a private contractor, and at the time of the incident that is the subject of this litigation, both special police officers Tom Delyone and Donte Slade were employed by Hawk One. *See* Hawk One's Answer, at ¶ 3, docket entry #16. Even if Delyone or Slade were District employees, the District could not be held liable for their alleged constitutional misconduct since there is no *respondeat superior* liability under § 1983. *See Monell,* 436 U.S. at 694. *See also Bauldock v. Davco Food, Inc.,* 622 A.2d 28 (D.C. 1993) (restaurant owner not liable for false arrest, assault or battery arising out of a patron's arrest by an off-duty police officer who was working as a security guard at the restaurant as security guard was independent contractor). Instead, the District may only be held liable if its own customs, policies and/or practices were the moving force behind the acts of its employees. *Id.* at 695. The U.S. Supreme Court has held that a plaintiff seeking to impose liability on a municipality under § 1983 to demonstrate that through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. *Board of the County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 404 (1997). The D.C. Circuit has equated moving force with proximate cause. *See Morgan v. District of Columbia,* 824 F.2d 1049, 1058 (D.C. Cir. 1987).

This Court must not accept conclusory allegations without factual support. Plaintiff's Complaint is devoid of allegations that any District custom, practice or policy proximately caused his injuries. *See* Complaint, generally. Because Tim Delyons or Donte Slade are both employees of a private contractor, the District bears no duty to either train and/or supervise these

employees.  *See* Contract, at **Exhibit A**.  In fact, in the District of Columbia, the general rule is

"that when [someone or some entity] hires another to do certain work, reserving no control over

either the work or the workmen, a relationship of contractee and contractor exists (as opposed to

master and servant) and the contractee is not liable for injuries to a third party resulting from the

work of the independent contractor." *W.M. Schlosser Co. v. Maryland Drywall Co.,* 673 A.2d

647, 651 (D.C. 1996), *citing Washington Metro. Area Transit Auth. v. L'Enfant Plaza Prop., Inc.,*

448 A.2d 864 (D.C. 1982) (general rule is that an individual or corporation is not liable for

injuries resulting from the work of an independent contractor).  This general rule encompasses

the view that those using independent contractors should not be held responsible for activities

they do not control and often lack the knowledge and resources to direct. *Id. citing Restatement*

*(Second) of Torts* §409, cmt. b (1985).

Plaintiff's failure to properly plead municipal liability against the District requires

dismissal.  Alternatively, since based on Defendant Hawk One Security's Answer to the

Complaint that both Delyons and Slade are its employees, and the Contract between the District

and Hawk One that provides that Hawk One is responsible for hiring and management of its

employees, this defendant is entitled to summary judgment on plaintiff's constitutional claims

against it.

**B.**     <u>**D.C. Official Code § 12-309 Bars Plaintiff's Common Law Claims.**</u>

D.C. Official Code § 12-309 provides that:

> An action may not be maintained against the District of Columbia for
> unliquidated damages to person or property unless, within six months after
> the injury or damage was sustained, the claimant, his agent, or attorney
> has given notice in writing to the ...[Mayor] of the approximate time,
> place, cause, and circumstances of the injury or damage.

The primary purpose of the §12-309 notice requirement is to protect the District of
Columbia against unreasonable claims and to assist it in the defense of the public interest where
claims are made within the applicable statute of limitations but so long after the event that it is
difficult for the District to obtain evidence for use in the litigation that may result. *Shehyn v.
District of Columbia*, 392 A.2d 1008, 1013 (D.C. 1978); *see also Pitts v. District of Columbia,*
391 A.2d 803, 807 (D.C. 1978) (general purposes of D.C. Code §12-309 are (1) to allow the
District to investigate potential claims so that evidence may be gathered while still available, for
example before recollection of the incident become faint or before relevant witnesses transfer
schools, (2) to enable the District to correct defective conditions, thus increasing public safety,
and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones).

The requirements of the provision are **not mere technicalities**.  Rather, because §12-309
departs from the common law norm of sovereign immunity by allowing suits against the District,
the provision's notice requirements are a mandatory prerequisite to filing a lawsuit against the
District.  *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995); *Gwinn v. District
of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981); *Pitts*, *supra*, 391 A.2d at 807.  Moreover, the
notice requirements must be construed narrowly against claimants, *Dunmore*, 662 A.2d at 1359,
even where a harsh result may occur, *Hill*, 345 A.2d at 869.  *See also Arnold & Porter*, 756 A.2d
427, 436 (D.C. 2000) (citing *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999);

and *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990) (§12-309 must be construed in favor of the sovereign, i.e. against the waiver of immunity).

   While notice, when given, need only provide a reasonable guide for inspection, *Dixon v. District of Columbia,* 168 A.2d  905, 907 (D.C. 1961), omitting <u>any</u> of the four required categories of information is fatal under §12-309.  *See Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968) (notice of claim is fatally defective if one or more of the statutory elements is lacking); *Kirkland v. District of Columbia*, 70 F.3d 629, 632 (D.C. Cir. 1995) (same).  *See also Winters v. District of Columbia*, 595 A.2d 960 (D.C. 1991) (dismissing claim where, *inter alia*, notice made date of injury uncertain); *Worthy v. District of Columbia*, 601 A.2d 581, 582 (D.C. 1991) (dismissing claim where notice made no mention whatsoever of where injury occurred); *Powell v. District of Columbia*, 645 F. Supp. 66 (D.D.C. 1986) (dismissing claim where notice failed to reveal factual cause of injury suffered); and *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991) (dismissing claim where notice lacked sufficient detail about circumstances of injury).

   In this case, plaintiff bears the burden of demonstrating compliance with § 12-309. *Arnold & Porter*, *supra*, 756 A.2d at 436 (Unless it demonstrates compliance with the requirements of § 12-309, a plaintiff's suit against the District is properly dismissed because no right of action or entitlement to maintain an action accrues) (internal quotations omitted); and *Gross*, *supra*, 734 A.2d at 1082 (Section 12-309 places a requirement on the plaintiff to show compliance with its provisions).  The adequacy of Plaintiff's showing is a question of law for the court.  *Washington v. District of Columbia*, 429 A.2d 1362, 1367, n. 15 (D.C. 1981).

   In the instant case, plaintiff relies on two (2) documents to show that he has satisfied the notice requirements of § 12-309: 1) his letter dated January 25, 2006, and 2) a Metropolitan

Police Department Report filed on January 20, 2006. These documents fail to satisfy the **strict** requirements of § 12-309 for the following reasons.

1.      <u>Plaintiff's Letter Did Not Properly Notify the Mayor in Accordance With § 12-309</u>

In the instant case, plaintiff states that his statement of facts were acquired by the then Metropolitan Police Department Chief Charles Ramsey and as being hand-delivered personally by Plaintiff to the DMV Director and Vice-Director [sic] on or about January 24, 2006. Pl. Opp. First Am. Mot. Dismiss at 12; Compl., ¶¶ 48-50. While plaintiff has attached proof that he supposedly sent the letter to Chief Ramsey, he has provided no proof that the letter was sent to the Mayor. *See* Green Return Card addressed to Chief Ramsey, at Docket 15-3. Plaintiff must show that the Mayor received the notice letter, not just that he sent it. *See De Kine v. District of Columbia*, 422 A.2d 981, 984 (D.C. 1980) (disagreeing with plaintiff that proof that letter was sent to the Mayor is sufficient under the statute, and that proof of receipt was not required). The *De kine* Court ruled that plaintiff's notice letter was one day late and thus barred by § 12-309. In this case, the District did not receive plaintiff's notice letter purported copied to the Mayor. *See* Powell Affidavit, at **Exhibit B**. Plaintiff's failure to establish that he sent and the Mayor received his notice letter, precludes his ability to proceed against the District on his common law claims. As such, the District is entitled to summary judgment on all common law claims filed against the District.

2.      <u>The January 20, 2006, Police Report Fails to Notify the District of the Cause, and Circumstances of the Injury or Damage</u>

Pursuant to § 12-309, a police report prepared in the ordinary course of business may satisfy the notice requirement of §12-309. However, the police report must do more than simply report an event. It must contain the same information required under the statute: the approximate

time, place, cause, and circumstances of the injury or damage. *See* D.C. Official Code § 12-309 (2001). In this case, a police report was prepared on January 20, 2006. However, the police report fails to properly notify the Mayor of the District of Columbia of the potential liability of the District. According to the report, plaintiff was forcibly removed from the Department of Motor Vehicle by Special Police Officers and sustained a cut to his wrist/hand. *See* Police Report, attached hereto as **Exhibit C**. There are no factual allegations which would give rise to any belief by the District that plaintiff had a cause of action against it since the special police officers are not District employees, but rather Hawk One Security's employees. Therefore, because the police report fails to notify the District of any potential claim against it, summary judgment must be granted to the District.

## IV. CONCLUSION

For the reasons stated above, the Court should dismiss plaintiffs' claim, or in the alternative grant summary judgment in the District's favor.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/Zuberi B. Williams_____
ZUBERI BAKARI WILLIAMS[2]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 6N013
Washington, D.C. 20001
Office: (202) 724-6650; (202) 727-6295
Facsimile: (202) 730-0623
Email:  Zuberi.Williams@dc.gov

---

[2]  Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GERARD DJATE,                              :
                                          :
    Plaintiff,          :
                                          :
v.                                        :        1:07CV00100 (EGS)
                                          :
THE DISTRICT OF COLUMBIA, *et al.*,        :
                                          :
    Defendants.          :
_____:


## DISTRICT OF COLUMBIA'S STATEMENT OF MATERIAL UNDISPUTED FACTS

    In support of its Motion for Summary Judgment, the District of Columbia herein submits its Statement of Material Undisputed Facts

    1.    The District of Columbia Office of Risk Management has no record that the Mayor received a notice letter from plaintiff or from someone on plaintiff's behalf informing the District of plaintiff's potential claim against the District. *See* **Exhibit B.**

    2.    Hawk One Security admitted in its Answer that both Tim DeLyons and Donte Slade were employed by Hawk One Security.  *See* Docket Entry #16, at ¶ 3.

    3.    Hawk One Security, Inc. is an independent contractor.  On March 16, 2005, Hawk One Security, Inc., entered into a contract with the District to provide security services to the District.  Under the terms of the contract, Hawk One Security, Inc., agreed to provide all "trained labor, management, supervision, uniforms, supplies and equipment necessary to protect the District Government-owned and leased facilities…."  *See* Contract hereto attached as **Exhibit A**.

4.     Plaintiff provided a green card as alleged proof that he sent his January 20, 2006, notice letter to Chief Charles Ramsey.  He did not provide any proof that the Mayor received a copy of the notice letter.  *See* record herein.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


/s/Zuberi B. Williams
ZUBERI BAKARI WILLIAMS[3]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 6N013
Washington, D.C. 20001
Office: (202) 724-6650; (202) 727-6295
Facsimile: (202) 730-0623
Email:  Zuberi.Williams@dc.gov

---

[3]   Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **GERARD DJATE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No: 07-00100 (EGS)** |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**<u>ORDER</u>**

Upon consideration of the defendant District of Columbia's Motion to Dismiss,

Memorandum of Points and Authorities in support thereof, and the plaintiff's opposition

thereto, if any, it is by the Court this_____ day of_____

2008,

ORDERED: that Defendant's Motion to Dismiss is GRANTED for the reasons set forth in

its motion; and it is,

FURTHER ORDERED: that this case is hereby dismissed against the District of

Columbia.

_____
Judge Emmet Sullivan
United States District Court for the
District of Columbia

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | | |
|---|---|---|
| **GERARD DJATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 07-00100 (EGS)** |
| | ) | |
| **DISTRICT OF COLUMBIA, *et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**<u>ORDER</u>**

Upon consideration of the defendant District of Columbia's Motion for Summary

Judgment, Memorandum of Points and Authorities in support thereof, and the plaintiff's

opposition thereto, if any, it is by the Court this _____ day of _____, 2008,

ORDERED: that Defendant's Motion for Summary Judgment is GRANTED for the

reasons set forth in its motion; and it is,

FURTHER ORDERED: that summary judgment is hereby granted in favor of the District

of Columbia.

_____
Judge Emmet Sullivan
United States District Court for the
District of Columbia

# EXHIBIT A

| SOLICITATION, OFFER, AND AWARD | 1. Market    Set-Aside | | Page of Pages 1    61 | |
|---|---|---|---|---|

| 2. Contract Number POAM-2004-D-0015-DW | 3. Solicitation Number POAM-2004-R-0015-DW | 4. Type of Solicitation [ ] Sealed Bid (IFB) [X] Sealed Proposal (RFP) | 5. Date Issued 4-Aug-04 | 6. Requisition/Purchase Number |

**5a. Caption** City-Wide Security Services

| 7. Issued By Office of Contracting and Procurement Construction, Design and Building Renovation Commodity Group 441 4th Street, N.W. - Suite 760 South Washington, DC 20001 | 8. Address Offer To (if other than line 7) |

NOTE: In sealed bid solicitations "OFFER" and "OFFEROR" means "BID" and "BIDDER"

## SOLICITATION

8. Sealed bid in original and _____ 5 _____ copies for furnishing the supplies or services in the Schedule will be received at the place specified in item 8, or if hand carried, in the (respository) located in    441 4th Street, N.W., Suite 703 South Bid Counter    until    2:00 p.m.    local time    7-Sep-04
(Hour)                (Date)

CAUTION: Late Submissions, Modifications and Withdrawals: See 27 DCMR Chapters 15 and 16 as applicable. All offers are subject to all terms and conditions contained in this solicitation.

| 10. For Information Contact | A. Name Diane B. Wooden | B. Telephone (No Collect Calls) | | | C. E-mail Address diane.wooden@dc.gov |
|---|---|---|---|---|---|
| | | (Area Code) 202 | (Number) 724 | (Ext) 3646 | |

### 11. Table of Contents

| (X) | Section | Description | Pages | (X) | Section | Description | Pages |
|---|---|---|---|---|---|---|---|
| | | **PART I - THE SCHEDULE** | | | | **PART II - CONTRACT CLAUSES** | |
| | A | Solicitation/Contract Form | 1 | | I | Contract Clauses | 37 |
| | B | Supplies or Services and Price/Cost | 2 | | | **PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS** | |
| | C | Description/Specification/Work Statement | 10 | | J | List of Attachments | 41 |
| | D | Packaging and Marking | 19 | | | **PART IV - REPRESENTATIONS AND INSTRUCTIONS** | |
| | E | Inspection and Acceptance | 20 | | K | Representations, Certifications and Other Statements of Offerors | 42 |
| | F | Deliveries or Performance | 22 | | | | |
| | G | Contract Administration Data | 25 | | L | Instructions, Conditions & Notices to Offerors | 47 |
| | H | Special Contract Requirements | 29 | | M | Evaluation Factors for Award | 55 |

## OFFER

12. In compliance with the above, the undersigned agrees, if this offer is accepted within _____ 90 _____ calendar days from the date for receipt of offers specified above, to furnish any or all items upon which prices are offered at the price set opposite each item, delivered at the designated point(s), within the time specified in the schedule.

| 13. Discount for Prompt Payment | 10 Calendar days % | 20 Calendar days % | 30 Calendar days % | Calendar days % |
|---|---|---|---|---|

| 14. Acknowledgement of Amendments (The offeror acknowledges receipt of amendments to the SOLICITATION for offerors and related documents numbered and dated): | Amendment Number | Date | Amendment Number | Date |
|---|---|---|---|---|

| 15A. Name and Address of Offeror | Code | | Facility | 16. Name and Title of Person Authorized to Sign Offer/Contract |
|---|---|---|---|---|
| | HAWK ONE SECURITY, INC. 9331 H ST., N.W. - SUITE 600 WASHINGTON, DC 20005 | | | TYRONE THOMPSON PRESIDENT |

| 15B. Telephone | | | 15 C. Check if remittance address is different from above - enter address in Schedule Section K. | 17. Signature | 18. Offer Date 3/28/05 |
|---|---|---|---|---|---|
| (Area Code) | (Number) | (Ext) | | | |

## AWARD (TO BE COMPLETED BY GOVERNMENT)

| 19. Accepted as to Items Numbered | 20. Amount $14,199,132.44 | 21. Accounting and Appropriation |
|---|---|---|

| 22. [ ] Award - DC OCP Form 201 not required [ ] Negotiated Agreement - DC OCP Form 201 must be executed | 23. Submit invoices to Address Shown in (2 copies unless otherwise specified) | Item |
|---|---|---|

| 24. Administered By (If other than item 7) | Code | 25. Reserved for future use |
|---|---|---|

| 26. Name of Contracting Officer (Type or Print) | 27. Government of the District of Columbia (Signature of Contracting Officer) | 28. Award Date 5/16/05 |
|---|---|---|

## SECTION C

## DESCRIPTION/SPECIFICATIONS/WORKSTATEMENT

**C.1      INTRODUCTION**

PSD has been charged to protect most of the government-owned and leased facilities, the employees of these facilities, and the citizens of the District of Columbia visiting them. The PSD mandate to protect and preserve District owned and leased properties and its supporting workforce has heightened since the creation of the Department of Homeland Security.

**C.2      SCOPE OF WORK**

**C.2.1**      PSD has a requirement for multiple contractors to provide all trained labor, management, supervision, uniforms, supplies and equipment necessary to protect the District Government-owned and leased facilities listed in **Attachment J.1.**

**C.2.2**      The contractor shall, deter and report damage, pilferage, removal, misuse, larceny, theft, or other improper or unlawful threats to, or disposition of, District government or personal property; discover and detain persons attempting to gain unauthorized access to the property or secured areas; be in full uniform and ready to begin work promptly at the start of their shift; and remain on the job in full uniform until the end of the full tour of duty.

**C.2.2**      The contractor shall provide manpower to cover all posts and duty hours as outlined in **Attachment J.1.** No employee of the contractor shall provide more than twelve (12) hours of service on one (1) or more contracts in a twenty-four (24) hour period unless the work periods are separated by an eight (8) hour non-duty period. This limitation may be waived by the Contracting Officer's Technical Representative (COTR) in emergency situations, which are beyond the control of the contractor such as weather conditions that prevent the next shift from getting to the building, civil disturbance and bombing. Written confirmation of a waiver must be obtained from the COTR for each occurrence.

### C.3    APPLICABLE DOCUMENTS

**Document Type**                                    **Version**

District of Columbia Municipal                        Latest
Regulations, DCMR, Title 6A

### C.4    <u>DEFINITIONS</u>

For the purpose of this solicitation the following definitions shall apply:

**C.4.1**    **Guard I  (Unarmed Security Guard)** - Shall protect property from theft or damage or persons from hazards or interference.  Duties shall include but not limited to serving at a fixed post, making rounds on foot or by motor vehicle, escorting persons on property and helping visitors and customers by answering questions and giving directions.  Guards may be armed with a police baton.  At no time shall a security guard be required to carry a weapon, search personnel, detain personnel or affect an arrest.  This reference is made to correlate the security guard position in this solicitation to Guard I as applicable to the Department of Labor's Wage Determination, No: 1994-2103, Revision No: 32.  **(Attachment J.2).**

**C.4.2**    **Guard II (Commissioned Special Police Officer, Unarmed)** - Shall possess arrest powers and be trained in the use of  batons, self-protective protection techniques, patrol procedures, burglary prevention and all other Basic Training course requirements.   Special Police Officers must meet the qualifications as stipulated in the most recent version of the District of Columbia Municipal Regulations, DCMR, Title 6A.  This reference is made to correlate the Commissioned Special Police Officer position in this solicitation to Guard II as applicable to the Department of Labor's Wage Determination, No: 1994-2103, Revision No. 32 **(Attachment J.2).**

**C.4.3**    **Guard II (Commissioned Special Police Officer, Armed)** – Shall include all of the requirements listed in C.4.2 and shall also be trained and certified in the use of firearms.  This reference is made to correlate the Commissioned Special Police Officer position in this solicitation to Guard II as applicable to the Department of Labor's Wage Determination, No: 1994-2103, Revision No. 32 **(Attachment J.2).**

**C.4.4**    **Shift Supervisor (Guard II)** – A person on each shift designated in writing by the Contractor, to oversee the contractor's security staff.

**C.4.5**    **Watch Command** – The Watch Command is the 24 hour PSD command center located at 1350 Pennsylvania Avenue, N.W., Washington, DC.

**Minimum Qualifications** - Shall include the qualifications in C.5.1, C.5.2 and C.5.3 and in addition the following:

    (1) Shall have a minimum of three (3) years of experience in field supervision, civilian community law enforcement, military service, government law enforcement, and, or security of commercial or industrial guard services.

    (2) Shall have completed the training specified in Paragraphs C.7.3 through C.7.5. The designated persons shall have the ability to successfully manage ten (10) or more persons in the field of law enforcement or security, as it pertains to a structural work environment.

Resumes shall be submitted to the COTR for all personnel assigned to supervisory positions ten (10) days prior to commencement of services.

**C.5.5**    **Relief Guards – Guard I or II**

**Minimum Qualifications** - Shall include the qualifications in C.5.1, C.5.2 and C.5.3 depending on the post.

The contractor shall assign relief guards to relieve other security employees at assigned posts for breaks. Each security employee shall receive a half hour break each day. A relief guard may be a Guard I or Guard II depending upon the post requirement. Relief guards shall take complete charge of the duties from the employee he or she relieves, including the Activity Log Book and all other equipment maintained at the post.

**C.6**    **HEALTH AND PHYSICAL FITNESS REQUIREMENTS**

The contractor shall ensure that all employees assigned are in good general health without physical defects or abnormalities, which would interfere with the performance of duties. Evidence of physical fitness shall be determined by passing the physical examination administered by a licensed physician during the Metropolitan Police Department (MPD), Security Officer Management Branch (SOMB) certification/commission process. The SOMB is located at 2000 14th Street, N.W., 3rd Floor, Washington, DC.

**C.7**    **TRAINING**

**C.7.1**    The contractor shall be responsible for all training of their employees who will be performing under this contract. The time or payment for attending contract required training shall not be billable as a separate cost item under this requirement. Lesson plans and outlines for each block of instruction shall be submitted with the Technical Proposal (See Paragraph L.3).

**C.7.2**    The contractor shall ensure that all employees performing on this contract have completed the 47-hour Basic Training Curriculum listed in C.7.3 prior to

## SECTION E

## INSPECTION AND ACCEPTANCE

E.1       The inspection and acceptance requirements for the resultant contract will be governed by the Inspection of Services Clause in Section 7 of the Government of the District of Columbia's Standard Contract Provisions for use with Supplies and Services Contracts, dated April, 2003, **Attachment J.3.**

E.2       The contractor is responsible for the day-to-day inspection and monitoring of all contractor work performed to ensure compliance with the contract requirements. The results of all inspections conducted by the contractor shall be documented in the Security Post Inspection Report to be given to the COTR on the last workday of each month. PSD shall conduct random inspections of the facilities to ensure contract compliance.

E.3       The contractor shall submit a weekly Corrective Action Report to the COTR outlining the steps and procedures taken to correct all issues identified in the Security Post Inspection Report.

## Requirements, Standards and Quality Assurance

| REQUIREMENTS | STANDARD | QUALITY ASSURANCE |
|---|---|---|
| 1. Operate Magnetometers, X-Ray Machines Systems, CCTV Camera Monitors | Assure that all bags, briefcases, employees and visitors pass through metal detectors and Identification checked. Detain persons attempting to gain unauthorized access to the property. | Random Inspection by Protective Services personnel and contract supervisors. Reports filed daily. Daily review by facility liaison. |
| 2. Perform Roving Patrols | Patrols performed in accordance with routes and schedules established in the Post Orders | Random Inspection by Protective Services personnel and contract supervisors. Reports filed daily. Daily review by facility liaison. |
| 3. Enforce Building Rules and Regulations | Enforce Posted Building Rules and Regulations as they pertain to occupants and visitors to include parking controls if applicable. | Random Inspection by Protective Services personnel and contract supervisors. Reports filed daily. Daily review by facility liaison. |

21

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GERARD DJATE, )
        )
     Plaintiff, )
        )
v. )       1:07CV00100 (EGS)
        )
THE DISTRICT OF COLUMBIA, *et al.*, )
        )
     Defendants. )
        )

## AFFIDAVIT OF MIA POWELL LILEY

I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1.     I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2.     Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3.     Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

4.     I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that

the Tort Liability Division of the District of Columbia Office of Risk Management, has

received no claim notice from GERARD DJATE that referred to claims described in the

complaint in Civil Action No. 1:07CV00100 (EGS) in reference to alleged claims of

assault and battery, intentional infliction of emotional distress, negligence, respondeat

superior, and civil rights and constitutional violations by the DC Metropolitan Police

Department and the DC Department of Motor Vehicles on January 20, 2006.

_____
MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez, a Notary Public in and for the District of Columbia,

do hereby certify that MIA POWELL LILEY , whose name is signed to the foregoing

affidavit, bearing the date of the  19  day of March, 2007, personally appeared before

me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this  19  day of March, 2007.

_____
NOTARY PUBLIC

My Commission Expires:

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010

**EXHIBIT B**

# EXHIBIT C

## Incident-Based Event Report

Metropolitan Police Department — Case 1:07-cv-00100-EGS Document 35-2 Filed 06/16/2007    Page 1 of 20    Washington, D.C.

### PART I - CLASSIFICATION OF EVENT

**1 TYPE OF REPORT**
- Offense
- ● Incident

**FILL IN THE OVALS COMPLETELY**
Right Mark ●
Wrong Marks ⊘ ⊗ ⊙

**2 DATE AND TIME OF EVENT**

| | Start Date | | | Start Time | | End Date | | | End Time | |
|---|---|---|---|---|---|---|---|---|---|---|
| Month | Day | Year | Hour | Minute | Month | Day | Year | Hour | Minute | |
| 2 | 06 | 16:45 | | | 2 | 00 | 1700 | | | |

**3 DATE OF REPORT** — 2 06 18:44
**4 TIME OF REPORT**
**5 DISTRICT** 1
**6 SECTOR** 0
**7 BEAT** 1
**8 COMPLAINT NUMBER** 009099

**9 EVENT LOCATION ADDRESS**
301 C ST NW
WASH DC.

Rear of
In front of
Along side of
Inside of
● NE Corner
NW Corner
SW Corner
SE Corner

**10 REPORT RECEIVED BY**
TRU
● On-scene
Walk-in
Radio run

**11 IS RADIO RUN LOCATION AND EVENT LOCATION THE SAME?**
● EVENT NO. 3

**12 PROPERTY TYPE**
Public
● Private

**13 EVENT NO. 1**
MISC. REPORT
**14 EVENT NO. 2** 0053
**15 EVENT NO. 3**

**16 FORCED ENTRY**
Yes
● No

**17 POINT OF ENTRY** N/A

**18 a. Method Used** N/A    **b. Tools Used** N/A

**19 WEATHER CONDITIONS**
Clear  Rain  Other  Unknown
Cloudy  Snow  ● Not applicable

**20 SUSPECTED HATE CRIME?**
● None  Ethnic  Sexual Orientation
Racial  Religious  Other

**21 SECURITY SYSTEM (Mark all that apply)**
Alarm/Audio  Camera  Dead bolt  Exterior lights  Fence  Neighborhood watch  Not applicable
Alarm/Silent  Dog  Unlocked  Interior lights  Guard  Other  Unknown

**22 LOCATION TYPE (Mark only one)**
- Air/Bus/Train terminal
- Alley
- Bank/Savings & loan
- Bus stop
- Church/Synagogue/Temple
- College/University
- Commercial office building
- Construction site
- Convenience store
- Department/Discount store
- ● D.C. government building
- Doctor's office/Hospital
- Drug store
- Federal/Government bldg.
- Field/Woods
- Grocery/Supermarket
- Hotel/Motel/Etc.
- Jail/Prison
- Lake/Waterway
- Liquor store
- Park area
- Parking lot/Parking garage
- Public housing project
- Public/Private school
- Rental storage facility
- Residence/Home
- Restaurant
- Service station
- Sidewalk
- Specialty store
- Street/Highway/Road
- Tavern/Night club
- Other
- Not applicable
- Unknown

**23 DESIGNATED AREAS (Mark all that apply)**
- Victim's vehicle
- Suspect's vehicle
- Taxi-cab
- Bus
- Train/Metro/Amtrak/Etc.
- Hallway
- Elevator
- Stairwell
- Basement/Laundry room
- Apartment/Condo unit
- Single family dwelling
- Hotel/Motel room
- College/University dorm
- Classroom
- Office area
- Vacant building/room
- ● Customer area
- Storage area
- In public housing
- W/in 1 block of public housing
- W/in 1,000 ft. of school
- Other
- Not applicable
- Unknown

### PART II - VICTIM INFORMATION

**24 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**
DJATE, GERARD AKESSE

**25 RELATED TO EVENT NO(S).**
2 3 4 5
6 7 8 9 10

**26 VICTIM TYPE**
● Individual  Financial inst.  Religious org.  Police officer
Business  Government  Society/Public  Other

**27 DATE OF BIRTH**
Unknown  NA

| Month | Day | Year |
|---|---|---|
| Jan | 2 | 66 |
| Feb | 1 | |

**28 AGE RANGE**
0-1 yr.
2-12 yrs.
13-17 yrs.
18-65 yrs.
Over 65

**29 SEX**
● Male
Female
Unknown

**30 HOME PHONE**
( UNKNOWN

**31 BUSINESS PHONE**
(202)678-5941

**32 RACE/ETHNICITY (Mark all that apply)**
American Indian/Alaskan Native  Japanese
Asian/Pacific Islander  Korean
● Black  Vietnamese
Chinese  White
Latino/Hispanic  Other
Jamaican  Unknown/Refused

**33 HOME ADDRESS**
29 N. 28ᵗʰ ST #23
LAS VEGAS, NV 89101
DC Resident  ● Non-DC Resident  Unknown

**34 BUSINESS ADDRESS/SCHOOL**
2330 GOOD HOPE RD SE
STE#122 WASH DC.

**35 OCCUPATION**
ATTORNEY

**36 IS EVENT RELATED TO OCCUPATION?**
Yes  ● No  Unknown

**37 ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**
N/A

**38 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**
HAWK ONE SPECIAL POLICE

**39 RELATED TO EVENT NO(S).**
2 3 4 5
6 7 8 9 10

**40 VICTIM TYPE**
Individual  Financial inst.  Religious org.  Police officer
● Business  Government  Society/Public  Other

**41 DATE OF BIRTH**
Unknown  ● NA

| Month | Day | Year |
|---|---|---|

**42 AGE RANGE**
0-1 yr.
2-12 yrs.
13-17 yrs.
18-65 yrs.
Over 65

**43 SEX**
Male
Female
Unknown

**44 HOME PHONE**
(  ) N/A

**45 BUSINESS PHONE**
(202) 783-4060

**46 RACE/ETHNICITY (Mark all that apply)**
American Indian/Alaskan Native  Japanese
Asian/Pacific Islander  Korean
Black  Vietnamese
Chinese  White
Latino/Hispanic  Other
Jamaican  Unknown/Refused
N/A

**47 HOME ADDRESS**
N/A
DC Resident  Non-DC Resident  Unknown

**48 BUSINESS ADDRESS/SCHOOL**
1331 H ST NW
WASH D.C.

**49 OCCUPATION**
SECURITY

**50 IS EVENT RELATED TO OCCUPATION?**
Yes  No  Unknown

**51 ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**
N/A

**52 STATUS (Mark one)**
Open  ● Closed  Closed by arrest, attach PD-252
Unfounded  Suspended

**53 REVIEWER**
K. Ain

**54 DISTRIBUTION**

PD-251   4/99    Printed in U.S.A.    PAGE 1

Case 1:07-cv-00100-EGS    Document 5-2    Filed 04/17/2007    Page 16 of 20

| 55 | IS VICTIM #1 THE REPORTING PERSON? IF NO, ENTER THE NAME, ADDRESS AND PHONE NUMBER OF THE REPORTING PERSON. | Name: SLATE, DONTE R. Phone-Area Code (301) 735-1149 |
|---|---|---|
| | ○ Yes ● No | Address: 3436 Brinkley Rd Temp. Hill MD 20748 |

| 56 | DID THE REPORTED EVENT OCCUR AS A RESULT OF AN INTRA-FAMILY MATTER? ○ Yes ● No | 56A | WAS PD FORM 378A ISSUED? ○ Yes ● No | 57 | IS CPO/TPO OUTSTANDING? ○ Yes ● No ○ Unknown | IF YES, ENTER CPO/TPO #: |
|---|---|---|---|---|---|---|

**58  INJURIES**  Use the following codes to describe injuries. (Mark all that apply)

N = None Visible
M = Apparent Minor Injury
B = Apparent Broken Bones

O = Other Major Injury
I = Possible Internal Injury
G = Gunshot

L = Severe Laceration
T = Loss of Teeth
U = Unconscious

| INJURED | NUMBER | INJURY CODE | DESCRIBE INJURY | WHERE TAKEN | BY WHOM | DCFD AMB. | DCFD AMB. # | STATUS |
|---|---|---|---|---|---|---|---|---|
| ● Victim | ①②③④●⑥⑦⑧ | N M B O ● | CUT TO THE HANDS/WRIST | N/A | N/A | ●Yes ○No | 19 | ●Admitted ○Released |
| ○ Suspect | ①②③④⑤⑥⑦⑧ | G L T U | | | | | | |
| ○ Victim | ①②③④⑤⑥⑦⑧ | N M B O I | | | | ○Yes ○No | | ○Admitted ○Released |
| ○ Suspect | ①②③④⑤⑥⑦⑧ | G L T U | | | | | | |
| ○ Victim | ①②③④⑤⑥⑦⑧ | N M B O I | | | | ○Yes ○No | | ○Admitted ○Released |
| ○ Suspect | ①②③④⑤⑥⑦⑧ | G L T U | | | | | | |
| ○ Victim | ①②③④⑤⑥⑦⑧ | N M B O I | | | | ○Yes ○No | | ○Admitted ○Released |
| ○ Suspect | ①②③④⑤⑥⑦⑧ | G L T U | | | | | | |

**59  PART III - PROPERTY**

Codes  S = Stolen  I = Impounded  L = Lost
E = Evidence  V = Vehicle from which  P = Suspected proceeds of crime
R = Recovered       theft occurred  O = Other
F = Found  D = Alleged drug type

a. Property Book & Page No.          b. Location of Property Book

| Code | Description of Item(s) | Serial Number/ Operation ID No. | Model No. | Color | Size | Quantity | Comp. Value | Age | MPDC Value |
|---|---|---|---|---|---|---|---|---|---|
| | N/A | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

TOTAL VALUE

**60  VEHICLE INFORMATION**  Vehicle operated/used by:  ○ Victim  ○ Suspect  Victim's vehicle taken by suspect

| Code | Year | Make | Model | Color | Body | Tag No./State/Year | VIN |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**PART IV - SUSPECT/MISSING PERSON INFORMATION (Use narrative if additional space is needed.)**

**61  #1**

| | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ○ Suspect ○ Missing | ○ Asian ○ White ○ Black ○ Latino/Hispanic ○ Unknown ○ Other | ○ Male ○ Unknown ○ Female | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ○ Alcohol ○ Drugs ○ Computer ○ N/A |

q. Weapons Used in Offense (Mark all that apply)

| Firearm | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|
| ○ Handgun ○ Shotgun ○ Other | ○ Revolver ○ Semi-automatic firearm | ○ Rifle ○ Automatic | ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | | | | |

**62  #2**

| | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ○ Suspect ○ Missing | ○ Asian ○ White ○ Black ○ Latino/Hispanic ○ Unknown ○ Other | ○ Male ○ Unknown ○ Female | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ○ Alcohol ○ Drugs ○ Computer ○ N/A |

q. Weapons Used in Offense (Mark all that apply)

| Firearm | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|
| ○ Handgun ○ Shotgun ○ Other | ○ Revolver ○ Semi-automatic firearm | ○ Rifle ○ Automatic | ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | | | | |

**63  #3**

| | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ○ Suspect ○ Missing | ○ Asian ○ White ○ Black ○ Latino/Hispanic ○ Unknown ○ Other | ○ Male ○ Unknown ○ Female | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ○ Alcohol ○ Drugs ○ Computer ○ N/A |

q. Weapons Used in Offense (Mark all that apply)

| Firearm | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|
| ○ Handgun ○ Shotgun ○ Other | ○ Revolver ○ Semi-automatic firearm | ○ Rifle ○ Automatic | ○ Cutting instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | | | | |

*Value of vehicles to be entered by Information Processing section

CCN 009094

PAGE 2

**PART V - MISSING PERSONS**

| 64 PROBABLE CAUSE OF ABSENCE AND DESTINATION | | 65 COMPLAINT NUMBER |
|---|---|---|

| 66 IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED: | 67 CLASSIFICATION | 68 CLASSIFIED BY: |
|---|---|---|
| N/A | Critical<br>Non-critical | |

| 69 PHYSICAL/MENTAL CONDITION (i.e., diabetic) | 70 DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED | 71 NAME OF PARENT/GUARDIAN |
|---|---|---|

| 72 ADDRESS OF PARENT/GUARDIAN | 73 IF JUVENILE, ENTER MOTHER'S MAIDEN NAME | 74 MISSING PERSON SECTION NOTIFIED (Name) |
|---|---|---|

**75 NARRATIVE** Describe event and action taken. If additional narrative space is needed, use PD Form 251-A.

Item Number Continued

CI STATES THAT HE WENT TO THE DMV TO RENEW HIS REGISTRATION WHEN HE FOUND OUT HE HAD AN UNPAID PARKING TICKET. HE INQUIRED ABOUT THE TICKET TO THE PROPER PERSONEL BUT WAS UNABLE TO RESOLVE HIS ISSUE. CI STATES THAT AFTER SEVERAL ATTEMPTS PERSONEL BECAME UPSET AND ASKED HIM TO LEAVE. CI FURTHER REPORTS THAT SPO'S FORCED HIM TO LEAVE INJURING HIM.

RI REPORTS THAT HE ASKED CI TO LEAVE AFTER PERSONEL ADVISED HIM THAT CI WAS BEING DISORDERLY. RI ADVISED THAT HE ESCORTED CI OUT OF THE BULDING BUT CI REENTERES THROUGH ANOTHER ENTRANCE. RI STATES THAT CI WAS UNCOOPERATIVE AND WAS ESCORTED OUT FOR A SECOND TIME.

AT THIS TIME IT IS UNDETERMINED HOW CI OBTAINED THE LISTED INJURIES.

| 76 EVIDENCE TECHNICIAN/CSES # | 77 NAME OF INVESTIGATOR NOTIFIED | 78 TELETYPE NOTIFIED (Name) | NOTIFICATION ALSO REQUIRED WHENEVER MISSING PERSON LOCATED | 79 TELETYPE # |
|---|---|---|---|---|

| 80 REPORTING OFFICER'S SIGNATURE | ELEMENT | 81 OTHER POLICE AGENCY (Indicate if report prepared by officer other than MPD) | 82 SECOND OFFICER'S NAME | ELEMENT | 83 SIGNATURE OF SUPERVISOR | ELEMENT |
|---|---|---|---|---|---|---|
| | 10 | ☐ USCP ☐ USSS ☐ METRO TRANSIT ☐ OTHER | HINTON | 14 | | 1-0 |
| BADGE NUMBER | | | BADGE NUMBER | | BADGE NUMBER | |

**PART VI - ADDITIONAL INFORMATION  (Use PD Form 251-C for additional victims or suspects )**

Case 1:07-cv-00100-EGS    Document 35-2    Filed 04/17/2007    Page 16 of 20

| 84 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1 | 85 RELATED TO EVENT NO(S). 1 2 3 4 5  6 7 8 9 10 |
|---|---|

**86** VICTIM TYPE

Individual — Financial inst. — Religious org. — Police officer
Business — Government — Society.Public — Other

| 87 DATE OF BIRTH | 88 AGE RANGE | 89 SEX | 90 HOME PHONE |
|---|---|---|---|

Unknown   NA

| Month | Day | Year |
|---|---|---|
| Jan | | |
| Feb | | |
| Mar | 0 0 | 0 0 |
| Apr | 1 1 | 1 1 |
| May | 2 2 | 2 2 |
| Jun | 3 3 | 3 3 |
| Jul | 4 4 | 4 4 |
| Aug | 5 5 | 5 5 |
| Sep | 6 6 | 6 6 |
| Oct | 7 7 | 7 7 |
| Nov | 8 8 | 8 8 |
| Dec | 9 9 | 9 9 |

AGE RANGE: 0-1 yr. / 2-12 yrs. / 13-17 yrs. / 18-65 yrs. / Over 65

SEX: Male / Female / Unknown

**91** BUSINESS PHONE

**92** RACE/ETHNICITY (Mark all that apply)

American Indian/Alaskan Native — Japanese
Asian/Pacific Islander — Korean
Black — Vietnamese
Chinese — White
Latino/Hispanic — Other
Jamaican — Unknown/Refused

**93** HOME ADDRESS   DC Resident   Non-DC Resident   Unknown

**94** BUSINESS ADDRESS/SCHOOL

| 95 OCCUPATION | 96 IS EVENT RELATED TO OCCUPATION? Yes   No   Unknown |
|---|---|

**97** ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1

| 98 NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1 | 99 RELATED TO EVENT NO(S). 1 2 3 4 5  6 7 8 9 10 |
|---|---|

**100** VICTIM TYPE

Individual — Financial inst. — Religious org. — Police officer
Business — Government — Society.Public — Other

| 101 DATE OF BIRTH | 102 AGE RANGE | 103 SEX | 104 HOME PHONE |
|---|---|---|---|

Unknown   NA

| Month | Day | Year |
|---|---|---|
| Jan | | |
| Feb | | |
| Mar | 0 0 | 0 0 |
| Apr | 1 1 | 1 1 |
| May | 2 2 | 2 2 |
| Jun | 3 3 | 3 3 |
| Jul | 4 4 | 4 4 |
| Aug | 5 5 | 5 5 |
| Sep | 6 6 | 6 6 |
| Oct | 7 7 | 7 7 |
| Nov | 8 8 | 8 8 |
| Dec | 9 9 | 9 9 |

AGE RANGE: 0-1 yr. / 2-12 yrs. / 13-17 yrs. / 18-65 yrs. / Over 65

SEX: Male / Female / Unknown

**105** BUSINESS PHONE

**106** RACE/ETHNICITY (Mark all that apply)

American Indian/Alaskan Native — Japanese
Asian/Pacific Islander — Korean
Black — Vietnamese
Chinese — White
Latino/Hispanic — Other
Jamaican — Unknown/Refused

**107** HOME ADDRESS   DC Resident   Non-DC Resident   Unknown

**108** BUSINESS ADDRESS/SCHOOL

| 109 OCCUPATION | 110 IS EVENT RELATED TO OCCUPATION? Yes   No   Unknown |
|---|---|

**111** ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1

---

**112**

| #1 | | a. Race | | | b. Sex | | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Suspect  Missing | Asian  Black | White  Latino/Hispanic | | Unknown  Other | Male  Female | Unknown | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using  Alcohol   Drugs  Computer   N/A |
|---|---|---|---|---|---|---|---|---|

q. Weapons Used in Offense (Mark all that apply)

| | Firearm | | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|---|---|
| Handgun  Revolver  Rifle | Shotgun  Semi-automatic  Automatic | Other  firearm | Cutting instrument  Blunt object  Motor vehicle | Hands/Feet/Teeth  None  Unknown | Other (specify) | | | | |

**113**

| #2 | | a. Race | | | b. Sex | | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Suspect  Missing | Asian  Black | White  Latino/Hispanic | | Unknown  Other | Male  Female | Unknown | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using  Alcohol   Drugs  Computer   N/A |
|---|---|---|---|---|---|---|---|---|

q. Weapons Used in Offense (Mark all that apply)

| | Firearm | | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|---|---|
| Handgun  Revolver  Rifle | Shotgun  Semi-automatic  Automatic | Other  firearm | Cutting instrument  Blunt object  Motor vehicle | Hands/Feet/Teeth  None  Unknown | Other (specify) | | | | |

**114**

| #3 | | a. Race | | | b. Sex | | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Suspect  Missing | Asian  Black | White  Latino/Hispanic | | Unknown  Other | Male  Female | Unknown | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using  Alcohol   Drugs  Computer   N/A |
|---|---|---|---|---|---|---|---|---|

q. Weapons Used in Offense (Mark all that apply)

| | Firearm | | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|---|---|
| Handgun  Revolver  Rifle | Shotgun  Semi-automatic  Automatic | Other  firearm | Cutting instrument  Blunt object  Motor vehicle | Hands/Feet/Teeth  None  Unknown | Other (specify) | | | | |

CCN _009094_

PAGE 4

P.D. 252  Rev. 10/88

Metropolitan Police Department  **SUPPLEMENT REPORT**

| | Classification Change | ☒ Additional Information | 1. DISTRICT 1D | 2. BEAT R. RA 101 | 4. ORIGINAL CLASSIFICATION MISC. REPORT | 5. COMPLAINT NUMBER 009094 |
|---|---|---|---|---|---|---|

| 6. DATE OF THIS REPORT 1/20/06 | 7. REPORTING ELEM. 1D | 4. CLASSIFICATION OR REPORT CHANGED TO: N/A |
|---|---|---|

| 9. DATE AND TIME OF EVENT 1/20/06  1645 | 10. DATE AND TIME OF ORIG. RPT. 1/20/06  1844 | 11. EVENT LOCATION 301 C ST NW | 12. PROPERTY TYPE ☐ PUBLIC  ☒ PRIVATE |
|---|---|---|---|

| 13. RADIO RUN RECEIVED ☒ YES ☐ NO   TIME RECEIVED | 14. DESCRIBE LOCATION DMV | 15. WHERE ENTERED N/A | 16. TOOLS/WEAPONS N/A | 17. METHODS N/A |
|---|---|---|---|---|

| 18. | COMPLAINANT/MISSING PERSON/FIRM A) TATE, GERARD A. | SEX M | RACE B | DATE OF BIRTH 2/01/66 | COMPLAINANT/MISSING PERSON/FIRM B) HAWK ONE SPEC PD | SEX | RACE | DATE OF BIRTH N/A |
|---|---|---|---|---|---|---|---|---|

| Suspect / Missing Person | ☐ SUSPECT | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ MISSING PERSON | | | | N/A | | | | | | | | | | |
| | ☐ SUSPECT | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |
| | ☐ MISSING PERSON | | | | | | | | | | | | | | |

**20. SOLVABILITY FACTORS** — Complete each item below. If additional space is needed, use the narrative section. If necessary, use PD Form 261-A. Refer to the specific item numbers when continuing information in the narrative section or on PD Form 261-A.

| IS THERE A WITNESS? | ☐ YES ☐ NO | If yes, enter name(s), address(es), phone number(s), hours of availability and brief account. UNINVOLVED WITNESS THAT WAS NOT INTERVIEW DUE TO UNANSWERED PHONE CALL (REF: BY C2). MONIQUE W. (202) 269-5739 |
|---|---|---|
| IS A SUSPECT NAMED? | ☐ YES ☐ NO | Enter the name and (nickname) nickname used. N/A |
| IS THE STOLEN PROPERTY TRACEABLE? | ☐ YES ☐ NO | Include reason why or why not. N/A |
| IS PHYSICAL EVIDENCE PRESENT? | ☐ YES ☐ NO | Describe it. N/A |
| IS THE PERPETRATOR KNOWN TO THE VICTIM? | ☐ YES ☒ NO N/A | If yes, describe the relationship. |
| WAS A REFERRAL FORM GIVEN TO COMPLAINANT? | ☒ YES ☐ NO | Give any address, place of employment, or hangout known for the perpetrator(s). |
| DURING WHAT HOURS IS COMPLAINANT AVAILABLE FOR INTERVIEW | | List the name, address, phone number and any information provided when the area was canvassed. |
| IS AN MO OR PATTERN INDICATED? | ☐ YES ☐ NO | DESCRIBE MO OR PATTERN |

**21. ADDITIONAL STOLEN PROPERTY**

| CODE | ITEM | SERIAL NO./OPERATION ID NO. | MODEL NO. | COMP. VALUE | AGE | MPDC VALUE | Property Book |
|---|---|---|---|---|---|---|---|
| | | N/A | | | | | BOOK/PAGE NO. ADDITIONAL VALUE |
| | | | | | | | ORIGINAL VALUE |
| YEAR | MAKE | MODEL | COLOR | BODY | TAG/STATE/YEAR | VEHICLE IDENTIFICATION NO. | TOTAL PROP. VALUE |

**22. NARRATIVE:** Record your activity and all developments in the case subsequent to your last report. List the names, addresses, sex, race, age, and arrest numbers of all arrested persons. Explain any change in classification. List the names, addresses, and telephone numbers of all witnesses and suspects.

SPO TIMOTHY DELVENS 1804 HOLLYSKI RD FT WASH MD 20744
DOB: 3-28-71  PH (301) 203-9329, ASSISTED IN ESCORTING
CI FROM 301 C ST NW "DMV".

OFFICIALS ON SCENE: SGT RODGERS, SGT DUKES, DET. CEPHAS 1D28.
NOTIFICATIONS: SGT BRAXTON (SOCC)  ON SCENE: LT R HUDSON HAWK ONE

| 23. STATUS ☐ OPEN ☐ PRIOR CLOSED ☐ CLOSED ☐ UNFOUNDED (EXPLAIN IN NO.22) ☐ SUSPENDED (EXPLAIN IN NO. 22) | 24. TELETYPE NO. | 25. SOLVABILITY RATING | 26. SOLVABILITY CLASSIFICA. |
|---|---|---|---|

| 27. INVESTIGATIVE OFFICER'S RECOMMENDATION ☐ SUSPEND ☐ INVESTIGATE FURTHER | 28. SUPERVISOR'S RECOMMENDATION ☐ SUSPEND ☒ INVESTIGATE FURTHER |
|---|---|

| 29. REPORTING MEMBER'S SIGNATURE  1478/1D | 30. INVESTIGATOR'S SIGNATURE | BADGE/ELEM | 31. SUPERVISOR'S SIGNATURE  1-0572 | BADGE/ELEM |
|---|---|---|---|---|

| 32. INVESTIGATIVE REVIEW OFFICER | 33. SUPERVISOR | BADGE/ELEM | 34. REVISED K. Ray | 35. DISTRIBUTION |
|---|---|---|---|---|

* * *  Value of vehicles will be entered by the Information Processing Section, Data Processing Division.

87P7575

PAGE 1 OF 1 PAGES

3. REPORTING OFFICER    BADGE/ORG ELM    4. INVESTIGATOR    BADGE/ORG ELM    5. SUPERVISOR    BADGE/ORG ELM

2. NARRATIVE CONTINUED

CONTINUATION REPORT

1. COMPLAINT NUMBER