UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERARD DJATE<br><br>    Plaintiff<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>    Defendants. | )<br>)<br>)<br>)<br>) 1:07CV00100 (EGS)<br>)<br>) Judge E.G. Sullivan<br>)<br>)<br>)<br>) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

Plaintiff Gerard Djate ("Plaintiff"), *Pro Se,* hereby respectfully files this Opposition to Defendant District of Columbia's Motion to Dismiss and/or Motion for Summary Judgment ("Opposition"). In support of his Opposition, Plaintiff refers this Court to the attached Memorandum of Points and Authorities and Affidavits.

Dated: July 31, 2008

Respectfully submitted,

Gerard Djate, *Pro Se*
2330 Good Hope Rd S.E., #1222
Washington, DC 20020
(202) 460-0097/ 678-5941

**RECEIVED**

AUG - 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERARD DJATE**<br><br>    **Plaintiff**<br><br>v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>) 1:07CV00100 (EGS)<br>)<br>)<br>) Judge E.G. Sullivan<br>)<br>)<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff Gerard ("the Plaintiff"), *Pro Se* and in support of its motion avers as follows:

### I.   Preliminary Statement

On or about April 17, 2007, Defendant District of Columbia filed its First Amended Motion to Dismiss and/or for Summary Judgment to which Plaintiff filed his Opposition.

On or about June 28, 2007, Defendant District of Columbia filed its Reply to Plaintiff's opposition to which Plaintiff filed his Surreply with leave of Court.

On or about February 11, 2008, this Court denied Defendant District of Columbia's First Amended Motion to Dismiss and/or for Summary Judgment without prejudice.

On June 16, 2008, Defendant District of Columbia renewed its Motion to Dismiss and/or Motion for Summary Judgment with the same arguments based on unchanged set of facts and circumstances.

*To the extent that Defendant District of Columbia is making the same arguments based on unchanged set of facts and circumstances in its new Motion, Plaintiff hereby*

*respectfully remake the same arguments he previously made contra in his Opposition thereto.* See *Plaintiff's Opposition to Defendant District of Columbia's First Amended Motion to Dismiss and/or Motion for Summary Judgment at docket entry ¶ 15, Plaintiff's Motion for Leave to file Rebuttal to Defendant District of Columbia's Reply at docket entry ¶ 24, Plaintiff's Rebuttal to Defendant District of Columbia's Reply to Plaintiff's Opposition to Defendant District of Columbia's First Amended Motion to Dismiss and/or Motion for Summary Judgment at docket entry ¶ 25.*

In a nutshell, in response to Defendant District of Columbia's new Motion, Plaintiff hereby provides a response by way of the supplemental arguments *infra*, the recently received Affidavits of two of the witnesses Marvin Cradle, Jr. and Edward W. Ball, Jr, in addition to the arguments, facts, exhibits, affidavits, and any other documents set **forth** in his previous Opposition to Defendant District of Columbia's First Amended Motion to Dismiss and/or for Summary Judgment. Thus, the arguments, facts, exhibits, affidavits, and any other documents set forth in Plaintiff's previous Opposition to Defendant District of Columbia's First Amended Motion to Dismiss and/or for Summary Judgment are repleaded and the same are made a part hereof and are incorporated by reference herein.

## II. Supplemental Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 56 As Amended

The 2007 Revised Edition of Federal Civil Judicial Procedure and Rules p.299 states in pertinent parts that "Former Rule 56©, (d), and (e) stated circumstances in which summary judgment "shall be rendered," the court "shall if practicable" ascertain facts existing without substantial controversy, and "if appropriate, shall" enter summary judgment. In each place "shall" is changed to "should". It is established that although there is no discretion to enter summary judgment when there

is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact. *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256-257 (1948). Many lower court decisions are gathered in 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d, § 2728."

## II. Supplemental Argument

### F. Because Defendant District of Columbia's Official Policy, Custom, and/or Usage Was the Moving Force Behind Plaintiff's Injury, Plaintiff Can Maintain a Fourth Amendment Claim Against the Defendant District of Columbia

In addition to the other arguments reiterated here, Plaintiff continues argument as follows. As conceded by Defendant District of Columbia, municipal liability can also result when the municipality itself can be directly charged with fault for an unconstitutional deprivation, i.e., municipal liability will result when the policy or custom fairly attributable to the municipality is the 'moving force' behind the particular constitutional violation. *See Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell v. Dept. of Soc. Serv. Of City of New York*, 436 U.S. 658 (1978)); *Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v. Gabber*, 526 U.S. 286, 290 (1999); *Baker v. McCollan*, 443 U.S. 137, (1979). Here, there is no dispute that Plaintiff has more than sufficiently alleged deprivation of actual constitutional rights in that Plaintiff has alleged facts establishing that Defendant District of Columbia's actions and/or omissions to act were in violation of his constitutional Fourth Amendment rights to be free from unreasonable search and seizure, unlawful touching/assault/battery. *See* Affidavits of Edward W. Ball, Jr., Marvin Craddle, Jr., Complaint generally.

Thus, one of the questions before this court, is whether municipality liability would

attach where the municipality, through its custom, usage, and/or official policy, deliberately engages in inadequate and questionable licensing of others, then hires the same under the guise of the label of "independent/private contractor" to perform inherent and traditional public functions on municipality-owned/leased property, and such hiring proximately and directly results in the particular constitutional violation deprivation with the custom, policy, or usage being the 'moving force' behind it. Now, as previously argued, the resounding answer to that inquiry is yes. In the instant case, it is conceded by Defendant District of Columbia that the Mayor had statutory authority – authority granted him by the City Council - to license Special Police Officers to perform the following inherent and traditional public functions on municipality-owned/leased buildings: preserving peace, preventing crime and arresting offenders, protecting the rights of persons and property, protecting persons in government buildings, enforcing laws. See D.C. Code §§2-302.04 and 5-101.03. Further, evidence has been adduced thus far to show that Defendant District of Columbia had recklessly and deliberately licensed the offending special police officers notwithstanding (1) their questionable backgrounds and inadequate training, (2) that there had previously been public outcries over Defendant District of Columbia's policy, usage, and/or custom of hiring those special police officers to perform the inherent and traditional public functions on municipality owned/leased buildings, and (3) that notwithstanding, Defendant District of Columbia's deliberate conduct of choosing to stick to the flawed usage, policy, and/or custom ultimately ended up being the 'moving force' behind the unconstitutional deprivation suffered by Plaintiff. Again, this Court should be mindful that no initial disclosures from Defendant District of Columbia nor formal discovery had yet been had in this case, something that would be

5

needed to fully establish all those facts. Finally, should this Court agree with Defendant District of Columbia's argument that Plaintiff did not properly plead municipal liability against it, then Plaintiff respectful prays that this Court allow him the opportunity to correct any such deficiencies.

### G. Plaintiff More Than Sufficiently Satisfied the Notice Requirement Pursuant to D.C. Official Code § 12-309

In addition to the other arguments reiterated here, Plaintiff continues argument as follows. In order for a police report made in the regular course of duty to satisfy the section 309 requirement of notice, it must contain information as to the approximate time, place, cause, and circumstances of the injury or damage " . . . with at least the same degree of specificity required of a written notice." *See Jenkins v. District of Columbia*, D.C.App., 379 A.2d 1177, 1178 (1977); *Rieser v. District of Columbia*, 563 F.2d 462, 476 (1977). A "determination of whether a particular police report or series of reports constitutes statutory notice to the District of Columbia can only be reached after consideration of the particular facts of the case, the nature of the report itself and the objectives sought to be attained by the notice provision." *See Pitts v. District of Columbia*, 391 A.2d 803, 808-09 (1978). It has been held that "[s]tatute providing that action may not be maintained against District of Columbia unless written notice is given to mayor within six moths after injury and that police report is sufficient notice does not require *precise exactness with respect to details of police reports."* See Doe by Fein v. District of Columbia*, 697 A.2d 23 (1997). [Emphasis added]. "Where police reports concerning fall of child through staircase *at public housing project* provided adequate information regarding the "circumstances" of the child's fall and recited facts from which it could be reasonably anticipated that claim against the District of Columbia might rise,

6

the District had actual notice of the accident and the child's injuries so that the requirements of the statue governing notice to mayor of possible litigation against District were met.", "where police report made in regular course of duty noted that child slipped and fell through guard rail [at public housing project] after attempting to climb flight of stairs, *police investigator went to scene within 48 hours of the accident and investigated the circumstances and interviewed the security officer of the apartment [. . .], the investigator asserted in the report that he "will attempt to * * * pinpoint the exact location of alleged fall, * * *,"* the police report recited facts from which it could be reasonably anticipated that claim against the District of Columbia might arise, for purposes of notice requirement. *See Pitts, supra.* [emphasis added]. "Requirement of District of Columbia statute of written notice of claim for injury, providing that police report is sufficient, was satisfied where detective immediately and thoroughly investigated accident and promptly made detailed official report." *See Thomas v Potomac Elec. Power Co.*, 266 F.Supp. 687 (D.D.C. 1967)

    The instant case is similar to *Pitts, supra*, in that it is undisputed that at least one police detective/ police investigator with about at least three other members of the MPD Police District came to the scene of the incidents less than an hour after the occurrences. The incidents occurred at the main municipally-owned/leased building that houses the main Department of Motor Vehicles, the Traffic Adjudication Office and the Headquarters of the MPD Police. It is further undisputed that the police investigator(s) investigated the circumstances of the occurrences and interviewed witnesses on the very day they came on the scene. It is further undisputed that the MPD Police received a much detailed written statement from Plaintiff within days of the occurrences and made that

statement part of its official investigation report, that the police investigator(s) attempted initially to interview other uninvolved witnesses, and the police investigator(s) indicated the need to "investigate [the matter] further. Finally, it is undisputed that the MPD Police officers indicated that they would secure and review the surveillance videotape located at the scene of the incidents in order to determine by themselves with exactness which one(s) of the interviewed witnesses statements of facts as to the occurrences were true and accurate.

It is further undisputed that Defendant District of Columbia new Exhibit C - the initial police report - correctly indicated the time, place, causes, and circumstances of the injury. Further, although Defendant District of Columbia intentionally omitted to submit the complete police report or series of report to this Court in its new exhibit C, this Court should take note that shortly after the conduct complained of, the Metropolitan Police Department ("MPD") First District while *"investigat[ing] this matter further"* as noted in part of the police reports, acquired a witness' written statement from Plaintiff regarding the cause and circumstances of the injury he sustained entitled "Statement of Gerard Djate on Assault Events January 20, 2006", in addition to photographs of the injury, and copy of Plaintiff's letter to the then-MPD Chief Charles Ramsey, all of which were made part of a series of police reports. *See* checked box "Investigate Further" of item 28 Supervisor's Recommendation from Exhibit C in follow-up police report. Further, this Court should also take careful note of the notations "Uninvolved Witness that Has Not been Interview[ed] Due to Unanswered Phone Call [. .] Monique W. (202) 269-5739". On information and belief, (202) 269-5739 is a residential telephone line with easily discoverable street address. Additionally, this Court should also take serious note that

8

Plaintiff's letter sent about four days after the incidents to then Chief of Police Charles Ramsey with copy to the Mayor, and the MPD Police 1rst District was referred to as "RE: *Law Enforcement* brutality & Assault". [Emphasis added]. Additionally, this Court should note that that follow-up police report indicates that a Referral Form was given to Plaintiff. Finally, a copy of the same "Statement of Gerard Djate on Assault Events January 20, 2006" was also hand-delivered personally by Plaintiff to the DMV director and Vice-Director on or about January 24, 2006. *See* Complaint, ¶¶48-50, and Exhibit 5.

Thus, as in *Rieser,* and in *James v. District of Columbia,* 610 F.Supp. 1027 (1985), the complete or series of police reports provided Defendant District of Columbia notice of all the principal facts sufficient to lead it to those related facts which were peculiarly within its possession, e.g., the video monitoring of the place of the events and injury complained of as represented by the responding MPD officers – the "smoking gun" surveillance videotape that has been mentioned by the responding MPD officers to replay the disputed series of events, which surveillance videotape was formally requested by Plaintiff just days after the incidents for the purposes of preserving evidence, but to date has not been produced, and the identified witnesses, etc.

It is telling that as in *Rieser*, Defendant District of Columbia does not contend at all that it was deprived of an opportunity to investigate the matter further where, indeed, the box "investigate further" was checked as per the MPD Police's supervisor recommendations on a part of the police report. Finally, there is simply no statutory requirement that Plaintiff give notice of intent to sue. Thus, Plaintiff satisfied the notice requirement.

### H. Even If There Were Noncompliance With Notice Requirement, Plaintiff Can Still Maintain Viable Claims Against District Because Statutory Notice of Claim

## Requirement Does Not Apply to Claims Under § 1983

In *Gross v. District of Columbia*, 734 A.2d 1077 (1999), the Court held that "statutory notice of claim requirements does *not* apply to claims under §1983. [Emphasis added]. S*ee also Powell v. District of Columbia,* 645 F.Supp. 66 (1986) (holding that failure to comply with District of Columbia statute setting forth notice requirement for claims against District did *not* bar plaintiff's claim for damages on basis of allegation that District deprived plaintiff of constitutional rights in violation of section 1983) [Emphasis added]; *Lively v. Cullinane,* 451 F.Supp. 999 (1976) (holding that Failure to comply with requirement of District of Columbia Code that written notice be given within six months of an occurrence before a damage action may be maintained against the District was *no* bar to federal damage suit against the District for alleged infringement of plaintiff's constitutional rights in connection with his arrest and detention by District police) [Emphasis added]; *Brown v. U.S.* 742 F.2d 1498, 239 U.S.App.D.C. 345 (C.A.D.C. 1984), certiori denied 105 S.Ct. 2153, 471 U.S. 1073 85 L.Ed.2d 509 (holding that noncompliance with notice of claim provision in the District of Columbia Code could not bar federal claims).

Plaintiff has alleged several federal claims, including but not limited to unlawful discrimination, unlawful seizure, and claims under §1983. *See* Complaint, generally. Thus, even if this Court were to find that Plaintiff did not comply with the District's notice require, it would still not be a bar to his federal claims.

WHEREFORE, all premises considered, Plaintiff respectfully prays that this Honorable Court (i) deny Defendant District of Columbia's Motion to Dismiss and/or for Summary Judgment, (ii) grant Plaintiff an opportunity to amend his pleading to fully conform to its

pleading requirements should this Court deem it necessary, and (iii) grant any other proper and just relief.

Dated: August 2, 2008

Respectfully submitted,

_____
Gerard Djate, *Pro Se*
2330 Good Hope Rd S.E., #1222
Washington, DC 20020
(202) 460-0097/ 678-5941

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of August 2008, a copy of the foregoing Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss and/or for Summary Judgment was mailed, postage prepaid, (i) to Defendant District of Columbia, through its attorney of record Zuberi Bakari Williams, Esquire to the following address: Zuberi Bakari Williams, Esq., Assistant Attorney General for the District of Columbia, 441 Fourth Street, N.W., Sixth Floor North, Washington, DC 20001, (ii) and to Defendants Hawk One Security Special Police, Hawk One Security, Inc., Donte A. Slate, through their attorney Leonard Lewis McCants, Esquire, 8701 Georgia Avenue, Silver Spring, MD 20910.

_____
Gerard Djate, *Pro Se*

_____
Gerard Djate, *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERARD DJATE** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) 1:07CV00100 (EGS) |
| | ) |
| v. | ) Judge E.G. Sullivan |
| | ) |
| **THE DISTRICT OF COLUMBIA,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

Comes now the Plaintiff and in support of his Opposition to Defendant District of Columbia's Motion for Summary Judgment herein submits his Statement of Material Facts in Dispute:

1. Hawk One Security Special Police operates under the supervision and control of the Metropolitan Police Department ("MPD")/ Defendant District of Columbia.

2. On or about January 30, 2006, the MPD First District acquired a witness' written statement from Plaintiff regarding the circumstances of the injuries he sustained entitled "Statement of Gerard Djate on Assault Events January 20, 2006" in addition to photographs of the injury, and copy of Plaintiff's letter sent to the then-MPD Chief Charles Ramsey about January 25, 2006 and all of which were made part of a series of police reports.

3. A copy of the same "Statement of Gerard Djate on Assault Events January 20, 2006" was hand-delivered personally by Plaintiff to the DMV director and Vice-Director on or about January 24, 2006.

4. Hawk One Special Police officers Tim Delyons and Donte A. Slate acted as alleged

14

in the Complaint. See **Exhibit 1.**

5. All the DMV personnel acted and failed to act as alleged in the Complaint.

6. All named officers of the MPD-1rst District acted and failed to act as alleged in the Complaint.

7. The scene of occurrences was under video monitoring at all relevant times.

8. Plaintiff reentered the building primarily to retrieve all his personal effects that were caused to be left behind by Hawk One Special Police officers Tim Delyons and Donte A. Slate.

9. The Council of the District of Columbia, and the mayor knew or should have known of the increased danger posed by the inadequate training and supervision of Hawk One Special Police officers Tim Delyons and Donte A. Slate at the DMV, a District owned/leased building.

10. The Council of the District of Columbia, and the mayor through their official policy, custom, and usage made Plaintiff more vulnerable to the assaults, battery, etc. complained of by Plaintiff.

11. Plaintiff visited the DMV as he did by following the instructions contained in the notice he had received from the DMV.

12. Any other relevant and material facts as pleaded by the Plaintiff that are disputed by Defendant District of Columbia.

Dated: August 2, 2008

Respectfully submitted,

_____
Gerard Djate, *Pro Se*
2330 Good Hope Rd S.E., #1222
Washington, DC 20020
(202) 460-0097/ 678-5941

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERARD DJATE** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) 1:07CV00100 (EGS) |
| | ) |
| v. | ) Judge E.G. Sullivan |
| | ) |
| **THE DISTRICT OF COLUMBIA,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Upon consideration of the Defendant District of Columbia's Motion to Dismiss and/or Motion for Summary Judgment's, Plaintiff's Opposition thereto, the supporting memorandums of points and authorities, Affidavits, and the complete record in this case, it is by the Court this ___ day of _____ 2008,

ORDERED that the Defendant District of Columbia's Motion to Dismiss and/or Motion for Summary Judgment be, and hereby is DENIED for the reasons set forth in Plaintiff's Opposition, and it is,

FURTHER ORDERED that:

_____
Judge,
United States District Court for the District
Of Columbia

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERARD DJATE** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:07CV00100 (EGS) |
| | ) |
| **THE DISTRICT OF COLUMBIA,** *et al.* | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF EDWARD W. BALL, JR.

I, Edward W. Ball, Jr., being duly sworn, state that the following is true to the best of my knowledge, information, and belief:

1. I am a witness in this case and I am competent to testify.

2. On Friday, January 20, 2006, I was at the main Department of Motor Vehicles of the District of Columbia located at 301 C Street NW, Washington, DC 20001.

3. I was present when I heard the Black male identified as Gerard Djate, the victim, ask simple and legitimate questions to the DMV personnel.

4. No one including myself could (and I still cannot) understand how the questions he was asking could lead to the brutal and violent assault against him by these two police officers.

5. In few words, the security police officers just came violently and brutally onto Gerard Djate after just asking him to leave.

6. Gerard Djate was calm during the whole incident and was not disruptive or anything. In fact, I did not see him fight back throughout the whole time.

7. Gerard Djate was so brutally and unjustly attacked by the officers. During their attack on him, the officers made him to hit the hard concrete floor. Everything Gerard Djate had in his hands was scattered around on the floor.

8. In the end, the officers rushed him and kicked him out of the glass and metallic

doors of the DMV.

_____
Edward W. Ball, Jr.

DISTRICT OF COLUMBIA: ss

Subscribed and sworn to before me this 23RD day of July 2008.

_____
Notary Public

My commission expires _____

LIZZET DJATE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GERARD DJATE** | ) |
|     **Plaintiff** | ) )  ) ) 1:07CV00100 (EGS) |
| v. | ) ) ) |
| **THE DISTRICT OF COLUMBIA,** *et al.* | ) ) |
|     **Defendants.** | ) ) |

### AFFIDAVIT OF MARVIN CRADLE, JR.

I, Marvin Cradle, Jr., being duly sworn, state that the following is true to the best of my knowledge, information, and belief:

1. I am a witness in this case and competent to testify.

2. In the afternoon of Friday, January 20, 2006, I was at the Department of Motor Vehicles of the District of Columbia, 301 C Street NW, Washington, DC, when the incident of police brutality against Gerard Djate happened.

3. I could not understand why the security police officers were so hostile toward Gerard Djate.

4. Many people present at the DMV have seen the whole incident.

5. I did not see Gerard Djate do anything at all to provoke that shocking police brutality.

6. I have seen several bodily injuries on Gerard Djate after that brutal incident by the police officers.

7. After several DC police officers and ambulance came on the scene, I heard with shock one of the police officers say "it looks like a scam to me!".

8. After the police officers and detectives took statements from witnesses, I gave a lift in my car parked nearby to Gerard Djate.

_____
Marvin Cradle, Jr.

District of Columbia: ss

Subscribed and sworn to before me this 26th day of June 2008.

_____
Lizzet Djate
Notary Public

My commission expires _____

LIZZET DJATE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2013